UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALFRED CROSS,<br><br>    Plaintiff,<br><br>  v.<br><br>RANDALL NILE IRWIN, PEOPLES NATIONAL BANK, JEFFERSON COUNTY TITLE COMPANY, NVK PROPERTIES, LLC and MICHAEL HOLTZ,<br><br>    Defendant. | Case No. 17-cv-34-JPG-RJD |

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Alfred Cross's response (Doc. 7) to the Court's January 18, 2017, order to show cause (Doc. 5) why the Court should not deny his motion for leave to proceed *in forma pauperis* (Doc. 3) and dismiss his case for lack of jurisdiction because his complaint fails to state of cause of action over which this Court has subject matter jurisdiction. The Court directed Cross to specify in his response which provisions of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*, he asserts any defendant has violated and to briefly summarize the acts alleged to constitute that violation. The Court further directed him to specify any other federal law for which there is a civil remedy that he asserts any defendant has violated. The Court warned Cross that if he failed to respond to this order to show cause by identifying a non-frivolous federal claim conferring federal question jurisdiction on this Court, the Court could deny Cross's motion for leave to proceed *in forma pauperis* and could dismiss this case without prejudice for lack of jurisdiction.

Cross alleges, among other things, that defendants Randall Nile Irwin and/or NVK Properties LLC ("NVK") agreed to pay him a $210,000 commission for acting as Irwin's agent in

negotiating the purchase of a hotel in Mt. Vernon, Illinois, and for upgrading and operating that hotel. Cross alleges he reasonably relied on the promise of a commission to repair, upgrade, operate and manage the Mt. Vernon hotel. Cross claims that the settlement sheet prepared for the January 16, 2015, closing – the Form HUD-1 – anticipated payment of his commission. In a separate agreement with Irwin, Cross agreed that Irwin could have up to May 1, 2015, to pay the commission. Cross signed the sales contract and the original settlement sheet as the agent of NVK.

Two months later, Cross obtained a copy of the settlement sheet from defendant Jefferson County Title Company. He noticed that the first page had been altered from the original settlement sheet to reallocate the amount originally listed as "Permanent working capital" due from the buyer ($200,000) to be included in the "Buyer's Expenses" line. The change did not affect the gross amount due from the buyer or the total settlement charges. The second page of the altered settlement sheet was identical to the second page of the original settlement sheet, including Cross's signature. Cross believes defendants Peoples National Bank and Jefferson County Title Company were complicit in changing the settlement sheet to enable Irwin to use the reallocated $200,000 for things other than working capital. Notably, neither settlement sheet indicates on Line 703 an amount to be paid by the buyer or seller at settlement as a commission.

In the meantime, in anticipation of payment of the commission by May 1, 2015, Cross took out a loan with a repayment date of June 1, 2015.

Cross was never paid his commission; he alleges that instead of paying the commission, Irwin took the money to invest in real estate in Salem, Illinois, owned by Irwin. There is no longer enough money in Irwin's bank account to pay Cross his commission. Cross asserts the

alteration of the settlement sheet and the failure to pay his commission at the closing from the amounts in escrow violated RESPA.

In his response, Cross admits that RESPA does not apply to loans primarily for business or commercial purposes. Regulations promulgated under RESPA provide:

> (a) Applicability. RESPA and this part apply to federally related mortgage loans, except as provided in paragraphs (b) and (d) of this section.
> (b) Exemptions.
> * * *
> (2) Business purpose loans. An extension of credit primarily for a business, commercial, or agricultural purpose, as defined by 12 CFR 1026.3(a)(1) of Regulation Z. Persons may rely on Regulation Z in determining whether the exemption applies.

12 C.F.R. § 1024.5. Regulation Z, in turn, provides, in pertinent part:

> The following transactions are not subject to this part or, if the exemption is limited to specified provisions of this part, are not subject to those provisions:
> (a) Business, commercial, agricultural, or organizational credit.
> (1) An extension of credit primarily for a business, commercial or agricultural purpose.

12 C.F.R. 1026.3(a)(1). Because the loan extended in this case was for a hotel, decidedly a business or commercial loan, RESPA does not apply, and Cross can have no cause of action under that statute. This is true even though customers of the hotel may be staying there long-term and considered to be tenants.

Cross also claims the defendants violated federal criminal laws prohibiting fraud, money laundering and various banking functions. *See* 18 U.S.C. §§ 1005, 1007, 1011 & 1021. However, these criminal statutes do not expressly or implicitly provide for a private right of action. Therefore, they are not enforceable in a civil suit. *See Daviditis v. National Bank of Mattoon*, 262 F.2d 884, 886 (7th Cir. 1959) (18 U.S.C. § 1005 "pertain to criminal proceedings and . . . in no way confer jurisdiction as to the civil controversies described in the complaint"); *see, e.g., Central*

*Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) (declining to find private right of action for criminal securities fraud violation); *Cort v. Ash*, 422 U.S. 66, 80 (1975) (refusing to infer a private right of action from "a bare criminal statute" unaccompanied by any indication civil enforcement was available); *United States v. Claflin,* 97 U.S. 546, 547 (1879) (regarding federal criminal smuggling statute, "[t]hat act contemplated a criminal proceeding, and not a civil action. . . .   [I]t is obvious, therefore, that its provisions cannot be enforced by any civil action. . . .").   The Court has reviewed the criminal statutes cited by Cross and has not found any indication that Congress intended a private right of action for the federal criminal violations.

Cross also cited the False Claims Act, 31 U.S.C. §§ 3729-33, which provides for penalties for conduct in connection with the submission of fraudulent claims for payment to the United States.   Cross has not referenced in his complaint any claim for payment submitted to the United States.

Finally, Cross cites the equitable power of the Court to remedy unlawful conduct.   *See Swann v. Charlotte-Mecklenburg Bd. of Educ.*, 402 U.S. 1, 15 (1971) ("Once a right and a violation have been shown, the scope of a district court's equitable powers to remedy past wrongs is broad, for breadth and flexibility are inherent in equitable remedies.").   This broad equitable power, however, presupposes the violation of a right over which the Court has jurisdiction.   It is not a free-standing power to issue equitable relief for any wrong.   Because Cross has pointed to no violation over which the Court has subject matter jurisdiction, the Court has no jurisdiction to award equitable relief.

Because Cross has asserted no cause of action over which this Court has subject matter jurisdiction – and therefore no basis for exercising supplemental jurisdiction over any other claim

under 28 U.S.C. § 1367(a) – the Court finds he has failed to state a claim on which relief may be granted and is therefore not entitled to proceed *in forma pauperis*.  Accordingly, as it warned it would do, the Court **DENIES** his motion for leave to proceed *in forma pauperis* (Doc. 3), **DENIES** his motion for service of process at Government expense (Doc. 2), **DISMISSES** this case **without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim and **DIRECTS** the Clerk of Court to enter judgment accordingly.  Cross may refile this case in state court within the appropriate limitations period.

**IT IS SO ORDERED.**
**DATED:   February 15, 2017**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
